GODBE, respondent, v. McCORMICK, appellant.

VENUE—*application for change.* The act of the legislature, regulating the place of trial in certain cases, approved December 6, 1867, gives a party the right to apply for a change of the venue of his case before the trial actually begins, although such application has been made and denied at the same term before the passage of this act.

STATUTORY CONSTRUCTION—*venue act—jurisdiction.* This act, approved December 6, 1867, affects the mode of procedure, but does not divest the district courts of the common-law jurisdiction conferred upon them by the organic act of this Territory.

IDEM—*validity of the venue statute.* This act, approved December 6, 1867, is upon a rightful subject of legislation and valid.

VENUE—*when changed—discretion of court.* The application for the change of the venue in this action was not addressed to the discretion of the court below. The statute is imperative and the application should have been granted upon the payment of the costs.

VENUE—*effect of denying application.* If a court erroneously denies a motion to change the place of trial, the subsequent proceedings in the case are void.

*Appeal from the First District, Madison County.*

THIS action was brought by Godbe in October, 1866, in the county of Edgerton (now Lewis and Clarke), to recover the amount due on a contract executed May 31, 1866, by Godbe and McCormick. The place of trial was afterward changed to the county of Madison. On December 2, 1867, during a term of the district court, the defendant filed a motion for a change of the venue of the action. The motion was overruled. On December 6, 1867, an act was passed by the legislature of the Territory, which contained the following clauses : "That when an affidavit is made by any party to said action or proceeding, or by his or their attorney, that the party making the application, and on whose behalf the affidavit is made, cannot have a fair and impartial trial in said action by reason of the bias or prejudice of the judge before whom said action is then pending, such judge shall, and it is hereby made his duty to immediately order said action to be transferred to some other county in said Territory, outside of his judicial district, on payment of the costs that have accrued in said cause in said court, up to the time of making such application." "This act

shall apply to all actions now pending or that may here-
after be brought in the Territory of Montana, and shall be
in force from and after its passage."

On December 7, 1867, the defendant made the same mo-
tion for a change of venue which had been filed on Decem-
ber 2, 1867, and accompanied it with an affidavit that he
could not have a fair and impartial trial by reason of the
bias and prejudice of Hon. H. L. HOSMER, the judge before
whom the action was then pending. The plaintiff then filed
a motion to strike this application from the files. The
court, HOSMER, J., sustained the motion and defendant
excepted.

The cause was then tried by a jury, who rendered a ver-
dict for plaintiff for $9,744. During the trial the defendant
saved other exceptions which were not reviewed by the
court, and are therefore omitted, together with the argu-
ments of counsel thereon.

CHUMASERO & CHADWICK and DAVIS & THOROUGHMAN,
for appellant.

The court erred in overruling the motion of appellant to
change the venue in said action, made after the passage of
the act of the legislature, regulating proceedings in civil
causes, approved December 6, 1867, and before the repeal
thereof. Acts 1867, 68 ; *Smith* v. *Judge*, 17 Cal. 547 ; 5 N.
Y. Dig. 84, §§ 85 and 94 ; Sedgw. Stat. and Const. L. 5, 6,
10, 11, 13, 34, 183, 184, 187 and 204 ; Acts 1865, 24, § 21 ;
Organic Act, § 6 ; *Fletcher* v. *Peck*, 6 Cranch, 87.

W. F. SANDERS, for respondent.

The motion for a change of venue was made too late. It
was the second motion for the same purpose at the same
term. Defendant had once made this motion and saved his
exception to the ruling thereon. The second motion was
improper.

The act of the legislature, approved December 6, 1867, is
void. It deprives the district court of its common-law juris-
diction and seeks to make the judge a ministerial, not a
judicial officer. The interference of the legislature in pend-

ing cases is a vicious practice. This act remained in force seventeen days. The motion was filed after the case was set for trial. After parties announce themselves ready for trial, the motion is too late. The statute is a wrongful interference with judicial discretion. Organic Act, § 9; 2 Tomlinson Law, D. 298.

If appellant made this affidavit in every district, respondent would be remediless, although Organic Act gives him a remedy. The act was not upon a rightful subject of legislation.

WARREN, C. J. The record in this case is somewhat voluminous, but it is unnecessary to notice all the errors assigned.

The appellant has preserved in the record his exception to the order of the court below, striking from the files the application for a change of the venue of the cause made by appellant on December 7, 1867.

The grounds upon which respondent's motion to strike this application from the files was based, were: 1. That a former motion for the same purpose had been filed and overruled; and, 2. That the latter application was not made until the cause had been set for trial. It is to be presumed that these were the reasons which controlled the court in sustaining the motion of respondent.

The latter application was made by appellant under the provisions of an act of the territorial legislative assembly, which was approved on December 6, 1867. The former motion for change of the venue was made under the law previously in force, and was addressed to the discretion of the court, and no error is assigned in overruling it. The appellant was entitled to the benefit of the change in the law, made on December 6th, subsequent to the order overruling his first motion.

The fact that the application was not made until the cause had been set for trial did not justify disregard of the law, which does not designate the time during the progress of an action or proceeding at which the application should be

made ; and, consequently, it might properly be made at any time before the trial actually commenced.

This brings us to a consideration of the question raised by respondent, as to the validity of the act of December 6, 1867.

It is argued that this act was void, for the reason assumed that it attempted to divest the district court of jurisdiction of a case at common law, over which it had jurisdiction, by virtue of the organic act of this Territory.

By the organic act the judicial power of the Territory is vested in certain courts, and it is ordained, that the jurisdiction of the several courts thereby established "shall be limited by law," provided, that the "district courts respectively shall possess chancery as well as common-law jurisdiction." The legislative power is vested in the governor and legislative assembly, and the legislative power extends to "all rightful subjects of legislation, consistent with the Constitution of the United States" and the provisions of "the organic act."

The questions involved here are whether the act of the legislative assembly of December 6th, in terms or in substance, divested the district courts of the common law jurisdiction they possessed by virtue of the act of congress ; and, secondly, whether the subject embraced was one of rightful legislation within the scope of the legislative-power. So far as the first question is concerned, we do not regard the act of the legislature as affecting the jurisdiction of the district court. It lays down a rule of procedure, in certain cases, for the observance of the courts in the exercise of their jurisdiction, of the same character as the laws regulating continuances, appeals, new trials, and the entire subject of remedies and of practice. In the respect that it is mandatory upon the courts, it differs from our idea of wise legislation, and the fact that the law was so soon repealed would seem to indicate that the legislature itself became convinced that in such cases a sound discretion should be left to the courts ; but, with the wisdom and policy of legislation, the courts have nothing to do. Refusal to recognize

and obey a law upon the ground of judicial disapproval of its policy, would be at once to place courts above the law, instead of remaining its ministers and expounders. That courts should firmly maintain their legitimate powers against legislative aggression, as is ably urged by the attorney of the appellee, we believe.

A division of the powers of government among three co-ordinate departments, as in the federal constitution, the several State constitutions, and in our own organic act, is most wise and salutary, and that each branch should be restricted within its particular sphere of action, is a truism, but to determine the precise boundary between the several departments is sometimes attended with great difficulty. The mere fact that a law requires the performance by a court of a particular act, upon a given state of fact, is not a sufficient test by which to determine its invalidity, and in many instances the legislature may deprive the court of discretion in the exercise of its jurisdiction. To find limitations upon the legislative power we must look to the constitution and acts of congress, and, looking to these, we are unable to find any provision that was violated by the act of December 6th, or to say that it was not upon a subject of rightful legislation. It is also insisted that the court properly struck respondent's application from the files, for the reason that the costs which had accrued in the cause previous to the application were not paid or tendered by the appellant. This was not one of the grounds assigned by respondent in his motion, and is untenable. The order changing the place of trial should have been made upon condition of payment of the costs. We are of opinion that the court below erred in striking the appellant's application from the files. The appeal is from the final judgment rendered in the case, but, regarding this error as material, and affecting the judgment, we do not think it proper to discuss the subsequent questions involved in this record. We may say that we are unable to discover in the record evidences of the bias or partiality alleged in appellant's affidavit, but the statute, being imperative, should have been obeyed, and

the proceedings subsequent to December 7th, in the cause, were unwarranted by the law. We cannot forbear remarking, in conclusion, that much of the difficulty arising in this case sprang from the loose and ambiguous pleading on the part of the appellant. Under our system of practice, the tendency is toward indefiniteness in the formation of issues of fact, and the rules of pleading as established cannot be too strictly enforced.

The judgment is set aside and the cause remanded to the court below.

*Exception sustained.*